IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WADE KNIGHT, | : |
| | : |
|     Petitioner | : |
| | : |
|   v. | :  CIVIL NO. 3:CV-05-949 |
| | : |
| UNITED STATES OF AMERICA, | :  (Judge Conaboy) |
| | : |
|     Respondent | : |

---

**MEMORANDUM AND ORDER**

**Background**

    Wade Knight, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania, initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Accompanying the petition is an in forma pauperis application.  Named as Respondent is the United States of America.

    Petitioner states that he was convicted of conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by robbery following a jury trial in the United States District Court for the Eastern District of Pennsylvania.  On September 6, 2000, Knight was sentenced to a two hundred and thirty-five (235) month term of incarceration. He unsuccessfully appealed his conviction to both the United

States Court of Appeals for the Third Circuit[1] and the United States Supreme Court.  Petitioner adds that he also unsuccessfully challenged his conviction via a petition under 28 U.S.C. § 2255.

In his present action, Knight asserts the following four (4) claims: (1) his Fifth Amendment privilege against self-incrimination was infringed when law enforcement officials took a statement from the Petitioner on October 29, 1999 after he invoked his Miranda[2] right to remain silent; (2) after invoking his right to remain silent, Knight was denied legal representation in violation of the Sixth Amendment; (3) his conviction was obtained through use of perjured testimony by Detective Ernest Ruby which indicated that Petitioner had waived his Miranda rights; (4) the sentence imposed was enhanced by elements which were not found by the jury and thus was contrary to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, __ U.S. ___, 125 S.Ct. 738, 756 (2004)[3]; and (5) the trial court

---

[1] See United States v. Knight, 281 F.3d 225 (3d Cir. 2001)(Table).

[2] See Miranda v. Arizona, 384 U.S. 436 (1966).

[3] In Blakely, the Supreme Court stated that the Sixth Amendment did not permit a sentencing judge to increase a sentence "based on facts that were neither reflected in the jury's verdict or admitted
(continued...)

2

erred by allowing him to be convicted based on perjured testimony.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

---

[3](...continued)
by the defendant."  United States v. Penaranda, 2004 WL 1551369 *4 (2nd Cir. July 12, 2004).

In Booker, the Supreme Court extended its Blakely holding to the Federal Sentencing Guidelines and reaffirmed its prior holding in Apprendi. The Court stated that the Federal Sentencing Guidelines were not mandates but advisory only.

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972).  "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"  Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)), cert. denied,122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the

conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same). As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). In his present petition, Knight acknowledges that his present Fifth and Sixth Amendment claims were "raised in every proceedings after verdict." Doc. 1, ¶ 15(b). To allow Knight to file a habeas petition in his district of confinement asserting

similar claims raised in a previous unsuccessful § 2255 action would obliterate congressional attempts to promote finality in federal criminal cases.

However, this Court also recognizes that the <u>Booker</u> and <u>Blakely</u> decisions may have been announced after review of Knight's § 2255 action was completed. <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997), and <u>Dorsainvil</u> also addressed what circumstances make a § 2255 remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined <u>supra</u> at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3rd Cir. 2000); <u>Dorsainvil</u>, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." <u>Kennemore v. True</u>, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the <u>Triestman</u> and <u>Dorsainvil</u> courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>, 119 F.3d at 249.

The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal.  Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.  Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Knight does not assert that his present action is based on any newly discovered evidence.  He also has not established that Booker and Blakely are retroactively applicable to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.  Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged.  In this case, Knight has failed to present any allegations suggesting that he was not involved in the alleged underlying criminal activity.  More importantly, since his Fifth and Sixth Amendment claims were previously asserted in a § 2255 proceeding, there is no basis for a determination that Knight's § 2255 remedy is inadequate or unavailable. Finally, Petitioner's sentencing related claim, namely, that his sentence was improperly enhanced, has nothing to do with the actual question

of Petitioner's guilt.

With respect to his Apprendi/Blakely/Booker claims, a review of those decisions provides that they have not been made retroactive to cases on collateral review. In Tyler v. Cain, 533 U.S. 656, 663 (2001),[4] the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive. A review of Apprendi/Blakely/Booker reveals that there is no indication that said decisions were determined to have retroactive effect.

The Court of Appeals for the Third Circuit, relying on Tyler, has recognized that no Supreme Court case specifically holds that Apprendi is retroactive on collateral review. In Re: Turner, 267 F.3d 225, 231 (3d. Cir. 2001). Recently, the Third Circuit held that Blakely/Booker decisions do not have retroactive effect. See Lloyd v. United States, 2005 WL 1155220 (3d Cir. May 17, 2005); see also Oriakhi v. United States, Civ. No. 3:CV-04-36, slip op. at p. 3 (M.D. Pa. March 3,

---

[4] While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may be used interchangeably. Vancol, 916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

2005)(Vanaskie, C.J.)(the Supreme Court has not directed that Blakely can be retroactively applied to cases on collateral review).

Since Apprendi/Blakely/Booker cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering Knight's petition. See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001). It is noted that Tyler held that a new rule is made retroactive to cases on collateral review only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. Tyler, 533 U.S. at 633.

Based on the foregoing analysis, in this case the fact that Booker/Blakely may have been decided after both conclusion of Petitioner's direct appeal and § 2255 action, does not allow him to assert his claims as a § 2241 petition. Therefore, an application to the Third Circuit Court of Appeals to file a second or successive § 2255 motion is the only vehicle available to Petitioner.

Consequently, the petition for writ of habeas corpus will be dismissed without prejudice. Knight, if he so chooses, may reassert any of his present claims by filing an application for leave to file a second or successive § 2255 petition. An appropriate order will enter.

AND NOW, THIS 8th DAY OF JUNE, 2005, for the reasons set forth in the foregoing Memorandum, it is hereby Ordered that:

1. Petitioner's motion seeking leave to proceed *in forma pauperis* is granted.
2. The petition for a writ of habeas corpus is dismissed without prejudice.
3. The Clerk of Court is directed to close the case.
4. Based on this Court's determination, there is no basis for the issuance of a Certificate of Appealability.

        S/Richard P. Conaboy
        RICHARD P. CONABOY
        United States District Judge